IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN D. REYES MARTINEZ,** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-4314** |
| | : | |
| **J. L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                                              **June 25, 2026**

## <u>MEMORANDUM</u>

Petitioner Juan D. Reyes Martinez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 2 at 17 (hereinafter "Pet."). Reyes Martinez alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act, and his due process rights. *Id.* ¶¶ 43–62.

Reyes Martinez is a noncitizen from Mexico who entered the United States at the Southern border in 2021. Pet. ¶ 17. Reyes Martinez has no active immigration case because he apparently entered the country without inspection. *Id.* ¶ 21. He was pulled over on June 21, 2026 by ICE officials who detained him when he could not provide any immigration papers to them. *Id.*

On the Government's view, Reyes Martinez is detained pursuant to 8 U.S.C. § 1225(b)(2) because he is an "applicant for admission." ECF No. 6 at 3–4 (hereinafter "Gov't Resp."). As the Government acknowledges, however, "all courts in this district (and many more elsewhere) have reason that § 1225(b)(2)(A) requires that 'an application for admission' be actively 'seeking admission' at or near the border to fall within its scope." *Id.* at 5. It strains credulity to consider

1

Reyes Martinez, who has been in the United States for more than four years, to be considered an "arriving alien." *See e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at \*2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Reyes Martinez's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Reyes Martinez's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(1) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that he is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Reyes Martinez under 8 U.S.C. § 1226(a) for seven days following his release.